### FARISH CO. v. SOUTH SIDE TRUST CO.

(Circuit Court of Appeals, Third Circuit. June 5, 1922.)

No. 2847.

Bankruptcy ⬅➡320—Court empowered to direct that claim against bankrupt be liquidated by action at law.

Under Bankruptcy Act, § 63b (Comp. St. § 9647), the court is empowered to direct that a claim against a bankrupt be liquidated by an action at law brought by the creditor against the bankrupt and the receiver, the issue to be tried by a jury.

Petition to Revise and Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

In the matter of the Universal Rubber Products Company, bankrupt. Petition by the Farish Company, opposed by the South Side

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Trust Company, receiver. Order made, and the Farish Company petitions to revise the order and appeals. Order affirmed, and record remanded.

H. M. Stephens, of New York City, and Wallace & Patterson, of Pittsburgh, Pa. (Charles A. Roberts, of New York City, of counsel), for petitioner and appellant.

J. Henry O'Neill, of Pittsburgh, Pa., W. A. Robinson, of Philadelphia, Pa., and H. V. Blaxter, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. In the court below the Universal Rubber Products Company was adjudged a bankrupt. The Farish Company had an unliquidated claim of large amount against the bankrupt, and thereafter presented a petition to the court setting forth:

"Your petitioner and applicant respectfully represents that it has an unliquidated claim of considerable magnitude, which it desires liquidated before the first meeting of creditors or the election of a trustee or trustees herein, and to that end desires to present evidence in support of its claim and to have its claim liquidated at an early date."

After hearing, the court disposed of the petition in an opinion printed in the margin.[1] Thereupon the Farish Company entered a petition to revise and an appeal.

[1] "The Farish Company, one of the petitioning creditors, has presented a brief petition asking for an order directing that its unliquidated claim be liquidated in such manner as the court shall direct. There is a reference in the petition to depositions which have already been taken and are on file in this proceeding. By reference to the original petition, we find that the total claim of the Farish Company is $481,914.59, of which $120,054.15 is upon 10 acceptances accepted by the bankrupt, and $361,860.44 is a claim for damages for cancellation of contracts for the sale of merchandise. Referring to the depositions on file, we find that the contracts for the sale of merchandise, if valid, were brokers' memoranda, and that the subject-matter was certain fabric of a certain width and weight, to be delivered in equal monthly quantities. The memoranda further provide that any sales conditions in force by the United States government shall be abided by and contain the further provisions that the Farish Company reserves the privilege, if there be dissatisfaction with any of the goods shipped, to replace those goods at the same price, and that, if the production of a certain mill should be curtailed during the period, for reasons specified, the delivery shall only be made proportionate to the production. It is apparent that the controversies which may arise under the several contracts are likely to be exceedingly complicated. It is doubtful, also, whether, because of the provisions with respect to the character of the fabric, that such fabric had a well-known market price. Under such circumstances, the measure of damages may be rather difficult of ascertainment. In view of the nature of the contracts, the court is of the opinion that the claim should be liquidated by litigation, in the form of an action at law brought by the Farish Company against the bankrupt corporation and its receiver, as defendants, in this court, and that the issue shall be tried by a jury. The opposition to having the claim liquidated in any other way appears to be by creditors represented by W. A. Robinson, Esq., and H. V. Blaxter, Esq., members of the bar of this court, and they are authorized to represent the defense in such litigation, in association with such counsel, if any, as may represent the bankrupt. And it is so ordered."

Inquiring first as to the power of the court to make its order, we entertain no doubt, for section 63b of the Bankruptcy Law (Comp. St. § 9647) so provides, viz.:

"Unliquidated claims against a bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate."

After the claim is liquidated in the manner directed by the court, it is to be thereafter presented to the referee for his consideration, and, as provided by the statute, it "may thereafter be proved and allowed against his [the bankrupt's] estate." Having, therefore, statutory power to make the order complained of, we find no error in the court directing the liquidation be made in the District Court, in the form of a suit and under the course of procedure outlined.

Its order is therefore affirmed, and, to preclude further delay, the record will be remanded forthwith.